UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EFRAIN R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-904-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by: (1) failing to properly evaluate Plaintiff's testimony concerning his limitations; and (2) failing to properly assess the medical opinion of Advanced Registered Nurse Practitioner ("ARNP") Sonya Starr. (Dkt. # 17 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision, and REMANDS this matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.      BACKGROUND

Plaintiff was born in 1966, has a sixth-grade level education, and has worked as a forklift operator, hand sprayer, construction worker, small products assembler, farm machine operator, and dishwasher. AR at 38. Plaintiff was last gainfully employed in February 2017. *Id.* at 30.

On March 27, 2017, Plaintiff applied for benefits, alleging disability as of April 9, 2016. AR at 26. Plaintiff's applications were denied initially on June 21, 2017, and upon reconsideration on November 28, 2017, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on May 13, 2019, the ALJ issued a decision finding Plaintiff disabled from February 16, 2017, through December 17, 2018, but also finding that Plaintiff's disability ended on December 18, 2018, due to medical improvement. *Id.* at 26-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since February 16, 2017 (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq*, 416.920(b), and 416.971 *et seq.*).

Step two: From the amended alleged onset date of February 16, 2017, through December 17, 2018, Plaintiff had the following severe impairments: lumbar spine impairment and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)). The claimant has not developed any new impairment or impairments since December 18, 2018, the date claimant's disability ended. Thus, the claimant's current severe impairments are the same as those present from the amended alleged onset date of February 16, 2017, through December 17, 2018.

Step three: Plaintiffs' impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: From the amended alleged onset date of February 16, 2017, through December 17, 2018, Plaintiff could perform sedentary work as defined in 20 §§ C.F.R. 404.1567(a) and 416.967(a), except that he could have engaged in only occasional balancing, stooping, kneeling, and crouching and no climbing or crawling. In addition, the claimant needed to avoid concentrated exposure to extreme cold, vibration, hazards, and heights.

Beginning December 18, 2018, Plaintiff could perform light work as defined in 20 §§ C.F.R. 404.1567(b) and 416.967(b), except that he can engage in only occasional

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

balancing, stooping, kneeling, and crouching and no climbing or crawling. In addition, the claimant needs to avoid concentrated exposure to extreme cold, vibration, hazards, and heights.

Step four: From the amended alleged onset date of February 16, 2017, through December 17, 2018, Plaintiff was unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

Beginning December 18, 2018, the claimant has been capable of performing past relevant work as a small products assembler. This work does not require the performance of work-related activities precluded by the claimant's current residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

Step five: From the amended alleged onset date of February 16, 2017, through December 17, 2018, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that claimant could have performed (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966). From the amended alleged onset date of February 16, 2017, through December 17, 2018, Plaintiff was disabled. The claimant's disability ended on December 18, 2018, and the claimant has not become disabled again since that date (20 C.F.R. § 404.1594(f)(8)).

AR at 30-45.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Erred in Discounting Plaintiff's Testimony

Plaintiff initially contends the ALJ erred in discounting Plaintiff's testimony because the ALJ did not give clear and convincing reasons for rejecting Plaintiff's testimony concerning his symptoms and limitations after December 2018. (Dkt. # 17 at 3-10.) Specifically, Plaintiff argues the ALJ erred because: (1) the objective findings failed to show Plaintiff was less limited than alleged; (2) Plaintiff's testimony that he improved does not show he was less limited than alleged as a whole; (3) Plaintiff's continued smoking during treatment was not a clear and convincing reason to reject his testimony; (4) the ALJ did not properly consider Plaintiff's testimony concerning his use of a cane; (5) the ALJ improperly discounted Plaintiff's testimony based on a report he injured himself while moving garbage cans; and (6) the ALJ improperly discounted Plaintiff's testimony based on a treatment provider's recommendation that he try and walk more. (*Id.*) Absent affirmative evidence showing the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d

1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

At the hearing, Plaintiff testified his back surgery helped his back pain "a little" but that he still had significant pain. AR at 62. Plaintiff testified he could only stand for short periods of time and that he could only walk short distances, up to five blocks, before needing to rest for at least 10 minutes. *Id.* at 61-62, 65, 68-69. Plaintiff testified he could walk without a cane, but that he used a cane for safety purposes because he was "scared of falling" and that he regularly used a walker to carry things. *Id.* at 65-66. Plaintiff testified that, due to pain when he attempts to bend over, his daily activities were affected such that he was not able to properly wash himself and needed to exercise extra caution when maneuvering stairs. *Id.* at 67. The ALJ determined Plaintiff's subjective reports of symptom intensity, persistence, and limiting effects in his testimony did not support his allegations of disabling limitations after December 18, 2018, because they were not consistent with the medical evidence, amongst other evidence, in his record. *Id.* at 40-41.

### 1.    *Improvement with Treatment*

The ALJ noted Plaintiff's overall treatment record demonstrated ongoing improvement in his functioning after his back surgery since December 18, 2018, which the ALJ found was consistent with: (1) notation in his treatment record that his lumbar radiculopathy would improve as he recovered from his surgery with physical therapy; (2) Plaintiff's reports to treatment providers of improvement post-surgery; (3) normal physical examination findings and range of motion; and (4) a lack of acute hardware complications post-surgery. AR at 40-41. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, making "some

1    improvement does not mean that the person's impairments no longer seriously affect [his] ability

2    to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

3         Based on the medical record, Plaintiff's treatment records do not contradict Plaintiff's

4    testimony nor establish sufficient improvement in Plaintiff's limitations such that his symptoms

5    were eliminated or significantly improved. In October 2018, two months post-surgery, ARNP

6    Starr noted Plaintiff reported some improved back pain symptoms, but that he still had pain in

7    his right leg, heel, and toes. AR at 999. In December 2018, she noted Plaintiff's leg and foot pain

8    improved, but he still complained of significant lower back pain that would trigger if he was

9    physically active. *Id.* at 957. Though ARNP Starr was able to lessen Plaintiff's pain medication

10   at this appointment, she noted that any amount of lifting, or more than 30 minutes of standing or

11   5 to 10 minutes of walking, resulted in moderate to severe low back pain that lasted Plaintiff the

12   rest of the day. *Id.* at 957, 959-60. In January and February 2019, Plaintiff was noted by his

13   treatment provider as having a limited range of motion (*id.* at 940, 950) and his gait was

14   described as remaining antalgic during multiple sessions of physical therapy (*id.* at 857, 913-14,

15   922, 931). In particular, a February 2019 gait assessment demonstrated Plaintiff continued to

16   have poor endurance that was noted as being "far below norms for his age." *Id.* at 913-14. In

17   March 2019, Plaintiff's physical therapist placed him on a progressive program of walking three

18   blocks up to three times a week. *Id.* at 827, 866. By April 2019, Plaintiff was able to walk four to

19   five blocks but still reported significant lower back and foot pain that limited him in his

20   functional tasks and his treatment provider noted continued use of a cane to assist him. *Id.* at

21   839-40, 846-47.

22        Plaintiff testified to some improvement with his ambulation post-surgery, but that he

23   could still only stand and walk for short periods of time. AR at 61-62, 65, 68-69. But as

ORDER - 6

demonstrated by the record, Plaintiff regularly reported significant difficulties to his treatment

providers with his ability to stand and walk despite some improvement. *See id.* at 940 (continued

pain with walking), 912 (Plaintiff could walk a block or two before needing a break), 881

(Plaintiff unable to walk far), 865 (Plaintiff only able to walk about three blocks before needing

break), 846-47 (same). As such, Plaintiff's minimal improvement with treatment was not a clear

and convincing reason to discount his testimony.

### 2.     Activities

The ALJ noted Plaintiff's continued smoking while in physical therapy, despite being

advised to stop to have his best chance of healing, called into question the severity of his

symptoms. AR at 40. The ALJ additionally found that Plaintiff's reports that he was unable to

engage in cleaning or household chores were inconsistent with evidence in the record

demonstrating Plaintiff was able to cook for himself, complete self-care tasks, and that he had

injured his back while pushing garbage cans. *Id.* at 41. An ALJ may discount a claimant's

testimony based on daily activities that contradict his testimony. *Orn v. Astrue*, 495 F.3d 625,

639 (9th Cir. 2007). Nevertheless, "[o]nly if the level of activity were inconsistent with

claimant's claimed limitations would these activities have any bearing on claimant's credibility."

*Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ's decision failed to explain how Plaintiff's activities contradicted his

testimony. The record demonstrates Plaintiff reported during physical therapy that he was able to

perform cooking and self-care tasks independently, but that he required modification in order to

do so. AR at 940. The ALJ appears to have inferred Plaintiff was doing more household activity

than claimed based on his self-report during physical therapy that he injured himself while

moving garbage cans. *See id.* at 41, 898. However, the fact Plaintiff injured himself while

1    moving garbage cans further evinces his inability to complete simple daily activities based on his

2    mobility limitations. In addition, the ALJ failed to explain how Plaintiff's failure to quit smoking

3    demonstrated he was less limited than alleged in his testimony. *See Bray v. Comm'r of Soc. Sec.*

4    *Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359

5    F.3d 1190, 1197 (9th Cir. 2004)) (finding that due to the addictive nature of smoking, the Ninth

6    Circuit has disfavored resting credibility determinations upon a claimant's failure to quit

7    smoking). Conflict with Plaintiff's daily activities was not a clear and convincing reason to

8    discount Plaintiff's testimony.

9                            *3.      Conflict with Medical Evidence*

10           In his decision, the ALJ noted Plaintiff was found on physical examination as having

11   relatively normal strength, range of motion, sensation, and reflexes after surgery (AR at 874,

12   922, 958) and that Plaintiff's radiological scans showed no issues with the hardware inserted in

13   his back from surgery (*id.* at 826, 1559). *Id.* at 40-41. The ALJ found that Plaintiff's testimony

14   that he used assistive devices for walking for safety reasons, rather than out of medical necessity,

15   also negatively reflected on the suggested severity of his ailments. *Id.* The ALJ additionally

16   found that Plaintiff's physical therapist's suggestion that he walk more demonstrated he was

17   capable of doing so more frequently. *Id.*

18           Here, the ALJ erred in discounting Plaintiff's testimony based on the above-cited medical

19   evidence in the record. As noted earlier, Plaintiff correctly notes inconsistency concerning the

20   ALJ's finding that Plaintiff had normal range of motion (AR at 958) despite other notations in

21   his treatment record showing he had decreased range of motion (*id.* at 940, 950) and noted issues

22   with his gait throughout physical therapy (*id.* at 857, 913-14, 922, 931). The ALJ additionally

23   failed to explain how Plaintiff's normal sensation and reflexes contradicted his testimony

regarding his ability to stand and walk. Though Plaintiff did not medically require an assistive device to walk, Plaintiff's record demonstrates that he routinely relied upon a cane for mobility purposes and his treatment providers noted consistent use at his appointments and fitted a cane for him (AR at 839-40, 846-47, 958, 1043, 1056, 1075, 1081). *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Lack of medical evidence cannot form the sole basis" for rejecting testimony as to symptom severity.) Plaintiff was also found be at a high risk of falls. AR at 913, 941. Finally, Plaintiff's physical therapist's recommendation that Plaintiff try walking three blocks up to three times in a week is not inconsistent with Plaintiff's testimony that he was only able to walk short distances nor indicative that he was capable of walking more. *See* AR at 866. Conflict with the medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

In total, the Court concludes the ALJ erred by discounting Plaintiff's testimony without providing a clear and convincing reason.

**B.     The ALJ Erred in Evaluating the Medical Opinion of Sonya Starr, ARNP**

Plaintiff next challenges how the ALJ assessed the medical opinion evidence of ARNP Starr. (Dkt. # 17 at 10-14.) Plaintiff argues that the ALJ was required to give clear and convincing reasons for rejecting ARNP Starr's opinion and that the ALJ could not discount ARNP Starr's opinion because she assessed limitations based on Plaintiff's pain rather than weakness.[3] (*Id.*)

---

[3] Plaintiff devotes a portion of his brief to challenging the new regulatory regime, arguing that the court-made standards existing before the Commissioner's regulatory change created a hierarchy of medical opinions that cannot be eliminated by regulatory amendment. (Dkt. # 17 at 10-13; Dkt. # 19 at 7-8.) This argument need not be resolved in this case because the ALJ's reasons were inadequate under either standard.

1        *1.     Legal Standards*

2        New regulations apply to the ALJ's evaluation of medical opinion evidence because

3    Plaintiff applied for benefits on March 27, 2017. *See* AR at 26. Under the new regulations, an

4    ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any

5    medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a),

6    416.920c(a). The ALJ must articulate and explain the persuasiveness of an opinion or prior

7    finding based on "supportability" and "consistency," the two most important factors in the

8    evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and

9    supporting explanations presented" and the "more consistent" with evidence from other sources,

10   the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2).

11       At the least, this necessitates that an ALJ specifically account for the legitimate factors of

12   "supportability" and "consistency" in addressing the persuasiveness of a medical opinion.

13   Moreover, the Court must continue to consider whether the ALJ's analysis has the support of

14   substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules

15   have focused more on whether we sufficiently articulated the weight we gave treating source

16   opinions, rather than on whether substantial evidence supports our final decision . . . . [T]hese

17   courts, in reviewing final agency decisions, are reweighing evidence instead of applying the

18   substantial evidence standard of review, which is intended to be highly deferential standard to

19   us.").

20       *2.     Sonya Starr, ARNP*

21       In July 2018, ARNP Starr began treating Plaintiff prior to his surgery through at least

22   December 2018. AR at 957, 968, 997, 1007, 1033, 1063. In November 2018, ARNP Starr opined

23   Plaintiff's ability to walk was severely limited and that he was unable to perform sedentary work.

1    *Id.* at 761-63. She noted he continued to suffer from back pain following his spinal fusion

2    surgery, that he was limited in his ability to walk and lift, and that his limitations would likely

3    continue until May 2019. *Id.*

4            In his decision, the ALJ assessed ARNP Starr's opinion as unpersuasive. The ALJ noted

5    that while ARNP's Starr's opinion was supported by contemporaneous physical examination

6    records, the ALJ found it was inconsistent with other evidence in the treatment record showing

7    improvement of Plaintiff's back condition by November 2018 and due to Plaintiff's continued

8    smoking. AR at 42. The ALJ also found ARNP's Starr's opinion was inconsistent with her

9    tapering of Plaintiff's pain medications in December 2018. *Id.*

10           An ALJ need not accept an opinion which is inadequately supported "by the record as a

11   whole." *See Batson*, 359 F.3d at 1195; 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). However, an

12   ALJ errs where he selectively focus on evidence that tends to suggest a plaintiff is not disabled.

13   *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Here, the ALJ erred in his

14   assessment of ARNP Starr's opinion because the ALJ's reasoning that it was inconsistent with

15   the record is not supported by substantial evidence. As previously discussed above, while

16   Plaintiff reported some improvement in his ability to walk and stand to treatment providers

17   throughout his physical therapy, ARNP Starr's opined limitations were consistent with Plaintiff's

18   minimal improvement in his pain and ability to walk and stand. *See id.* at 846, 865, 881, 912-14,

19   940, 957. Moreover, the ALJ's rationale errs in its consideration of Plaintiff's ongoing smoking

20   as a means of discounting ARNP's Starr's opined limitations with his pain and ability to walk

21   and stand. *See Bray*, 554 F.3d at 1227. Consequently, the ALJ's references to the record indicate

22   a selective focus on evidence supporting his conclusion that Plaintiff's limitations improved with

23   treatment while ignoring evidence demonstrating otherwise. *See Edlund*, 253 F.3d at 1156.

Because the ALJ erroneously considered the persuasiveness factors set forth in 20 C.F.R. §§ 404.1520c(a), 416.920c(a) and (b)(1)-(2), the Court remands this portion of the ALJ's decision.

### C.    Scope of Remand

Plaintiff asks the Court to remand this matter for an award of benefits. (Dkt. # 17 at 14-15.) Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not shown "rare circumstances" exist that justify departing from the ordinary rule of remand for further proceedings, and therefore, the Court remands this matter for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony, ARNP's Starr's opinion, and conduct all further proceedings necessary to reevaluate Plaintiff's disability determination in light of this opinion.

### V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 26th day of January, 2021.


MICHELLE L. PETERSON
United States Magistrate Judge